

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00562-CV

_____

IN THE INTEREST OF J.F., A CHILD

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-739246-23

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

J.F.'s mother appeals from a judgment terminating her parent–child relationship with J.F. In that judgment, the trial court also terminated J.F.'s parent–child relationship with her alleged father. Although Father has not appealed, he noted in his pretrial service waiver and request for appointed counsel that J.F. is Comanche. But as the Department of Family and Protective Services has conceded in response to Mother's sole appellate complaint, the trial court did not confirm before trial whether J.F. is indeed a member of the Comanche Nation—a determination that governs whether the Indian Child Welfare Act applied to the Department's evidentiary burden. We therefore abated the appeal for the trial court to comply with ICWA's notice-and-inquiry requirements. *See In re A.M.*, No. 02-21-00313-CV, 2022 WL 325473, at \*2 (Tex. App.—Fort Worth Feb. 3, 2022, order) (mem. op.) (describing state court's ICWA duty to inquire about potential "Indian child" status when that court has "reason to know" a child might be an Indian child), *disp. on merits*, 2022 WL 969782, at \*1 (Tex. App.—Fort Worth Mar. 31, 2022, pets. denied) (supp. mem. op.); *see also* 25 U.S.C.A § 1912(a) (setting forth notice method).

Here, after properly completing the required ICWA inquiry during this appeal's abatement,[1] the trial court issued findings of fact and conclusions of law. The trial court found that the Comanche Nation had responded to its inquiry by indicating that

---

[1]We reinstated the appeal when we received supplemental clerk's and reporter's records.

J.F. is "not enrolled nor eligible for enrollment" in the tribe and that the tribe will not intervene in the proceedings. Thus, the trial court found that J.F. is not an Indian child subject to ICWA. *See A.M.*, 2022 WL 969782, at *1 (affirming judgment when five of six notified tribes responded that child was not enrolled or eligible for enrollment and sixth did not respond).

Mother has not challenged the trial court's findings and conclusions. Because we have already afforded her relief on her sole complaint, we affirm the trial court's judgment. *See id.*

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 29, 2025